# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50340 | **DATE** | 12/14/2004 |
| **CASE TITLE** | HAIRRELL vs. WINTERVILLE MARINE SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Hairrell's motion to remand is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

/SEC — courtroom deputy's initials

No notices required, advised in open court.
No notices required.
X Notices mailed by judge's staff.
Notices mailed by judge's telephone.
Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

number of notices
12-16-04 date docketed
docketing deputy initials
12-15-04 date mailed notice
Date/time received in central Clerk's Office
mailing deputy initials

Document Number: 16

# MEMORANDUM OPINION AND ORDER

Myron Hairrell, sued his employer, Winterville Marine Services, Inc.("WMS"), in Illinois state court for injuries received while working as a seaman "in navigation" and a consent judgment was entered in favor of Hairrell and against WMS in the amount of two million dollars. As a part of the consent judgment, Hairrell agreed not to seek to collect the judgment from WMS. On June 15, 2004, Hairrell commenced a non-wage garnishment against American Home Assurance Co. ("AHA") bearing the same state court case number as the original suit. AHA was served on August 2, 2004, and filed notice of removal in this court on August 10, 2004 based on diversity of citizenship jurisdiction. 28 U.S.C. §§ 1332 (a) (1), 1441 (a). An amended notice of removal was subsequently filed on September 1, 2004, to amend the jurisdictional allegations. Hairrell moves to remand to state court.

Hairrell is a citizen of Illinois and AHA is alleged to be a New York corporation with its principal place of business in New York making it a New York citizen for diversity jurisdiction purposes. WMS is a Mississippi corporation with its principal place of business in Mississippi. The amount sought in the garnishment is two million dollars so the jurisdictional amount is met. Diversity of citizenship jurisdiction supports removal if this garnishment action is a "civil action brought in a State court." 28 U.S.C. § 1441 (a).

Federal law rather than state law governs whether a proceeding is a removable civil action. See Johnson v. Wilson, 185 F. Supp. 2d 960, 963 (S.D. Ind. 2002) citing, Fed. Savs. & Loan Ins. Corp. v. Quinn, 419 F.2d 1014, 1018 (7th Cir. 1969); see also, Stewart v. EGNEP (PTY) Ltd., 581 F. Supp. 788, 789-90 (C.D. Ill. 1983). A garnishment proceeding may be removed where it allows for adversarial litigation of disputed issues and "'involves a new party and disputed rights and issues not decided by the state court.'" Johnson, 185 F.Supp. 2d at 963, quoting, Harding Hosp. v. Sochen, 868 F.Supp. 1074, 1078 (S.D. Ind. 1994); see also, Stewart, 581 F.Supp. at 790. Illinois law allows for a trial to litigate disputed issues where the judgment creditor or judgment debtor disputes the answers to the garnishment interrogatories given by the garnishee or where another party claims an interest in the indebtedness or other property due from or in the possession of the garnishee. 735 ILCS 5/12-707, 12-710, 12-711. AHA is a new party to the garnishment proceeding, not having appeared in the original litigation. Accordingly, because this garnishment action allows for adversarial litigation of disputed issues and involves a new party and disputed rights and issues not decided by the state court, it was properly removed to this court. See Johnson, 185 F.Supp. 2d at 963; Harding Hosp., 868 F.Supp. at 1078; but see, Pinellas County v. Great American Management and Investment, Inc., 762 F.Supp. 221 (N.D. Ill. 1991) (indicating Illinois garnishment action is supplementary rather than independent action.)

For the foregoing reasons, Hairrell's motion to remand is denied.